**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| **HEIDI KAY RHOADES,** : | |
| : | Case No. 2:17-cv-1078 |
| **Plaintiff,** : | |
| : | **CHIEF JUDGE ALGENON L. MARBLEY** |
| v. : | |
| : | Magistrate Judge Jolson |
| : | |
| **COMMISSIONER OF** : | |
| **SOCIAL SECURITY,** : | |
| : | |
| **Defendant.** | |

**OPINION & ORDER**

This matter is before the Court on Plaintiff's Amended Motion for Attorney's Fees pursuant to 42 U.S.C. § 406(b) of the Social Security Act ("SSA"). (ECF No. 15). Plaintiff's counsel, attorney Clifford M. Farrell, requests attorney's fees in the amount of $5,207.00 from the past-due benefits owed to Plaintiff. The Commissioner does not oppose the amended request for attorney's fees. (ECF No. 16).

**I.  Background**

Plaintiff filed the complaint requesting judicial review from this Court on December 13, 2017. (ECF No. 3). Both parties filed a Joint Motion for Remand on May 23, 2018. (ECF No. 9). On May 24, 2018, this Court remanded this case for further proceeding pursuant to sentence four of 42 U.S.C. § 405(g). (ECF No. 10). Following remand, Plaintiff was awarded $52,828 in past due SSI benefits. (ECF No. 15-2 at 2). Upon Plaintiff's Motion, this Court granted the award of attorney fees in the amount of $3,500 pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, however, the $3,500 was seized due to a debt Plaintiff owed to the Government. (ECF Nos. 13, 15).

1

## II.   Law & Analysis

Attorney's fees can be sought under EAJA and SSA but an attorney who receives attorney fees under both acts must refund the lesser award to the claimant. *Lowery v. Comm'r. of Soc. Sec.*, 940 F. Supp. 2d 689, 691 (S.D. Ohio 2013). In this case, Plaintiff's counsel never received the EAJA fee and now seeks the sole award of attorney's fees under the Social Security Act, therefore, if any fees are awarded under the SSA a refund to the claimant would not be necessary.

Title 42 U.S.C. § 406(b) states that the court may award attorney's fees when a claimant receives a favorable judgement so long as the fee is reasonable and does not exceed 25 percent of the claimants entitled past-due benefits. 42 U.S.C. § 406(b)(1)(A). The successful claimant's attorney must show that the fee sought is reasonable. *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002). Where there is a contingency fee contract between attorney and client, the court should give deference to the agreement. However, if the court chooses to deduct from the agreement, it should record the reasons the deductions were made. *Rodriquez v. Bowen*, 865 F.2d 739, 746 (6th Cir. 1989). Typically, deductions are made by the court when (1) attorney was involved in improper conduct or was ineffective counsel; and (2) counsel would enjoy a windfall from a large reward of benefit which received minimal effort. *Id.*

Here, Plaintiff's counsel and Plaintiff have a contingency fee agreement which states that the attorney fee will be 25 percent of Plaintiff's past-due benefits. (ECF No. 15-3). Counsel requests $5,207.00 in attorney fees which is 9.86 percent of Plaintiff's past-due benefits. The requested attorney fees are reasonable because the requested amount is well below the 25 percent maximum, thus, the fee would not be considered a windfall. *Lowery*, 940 F. Supp. 2d at 692

(S.D. Ohio 2013). Furthermore, there is no evidence or allegation of inadequate attorney conduct or ineffective counsel which would cause the court to reduce the requested fee.

For these reasons, this Court hereby **GRANTS** Plaintiff's Motion for Attorney's Fees. The Commissioner shall pay Plaintiff's attorney fees pursuant to 42 U.S.C. § 406(b) in the amount of $5,207.00.

**IT IS SO ORDERED.**

**ALGENON L. MARBLEY**
**CHIEF UNITED STATES DISTRICT JUDGE**

**DATE: June 18, 2020**